UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PHUONG TRUONG, THUON LIEU,
LAC THANH and HAN BAO DANG

                               Plaintiffs,        Civil Action No.: 19 Civ.

          -against-

                                           **Complaint and Jury Demand**

PHO THANH HOAI 1 INC. and
THAHN NGUYEN,

                              Defendants.
------------------------------------------------------------------X

Plaintiffs, by and through their attorneys, The Dweck Law Firm, LLP, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in the Southern District of New York, and the acts and/or omissions giving rise to the claims herein are alleged to have taken place in the Southern District of New York.

## PARTIES

3. Upon information and belief, Defendant Pho Thanh Haoi 1 Inc. ("Restaurant") is a foreign limited liability corporation with its principal office located at 73 Mulberry Street within City, County and State of New York.

4. Upon information and belief, Restaurant is conducting business in the County, City, and State of New York.

5. Upon information and belief, Restaurant Fund has an annual gross volume of sales in excess of $500,000.

6. Upon information and belief, Defendant Thahn Nguyan ("Nguyan") is an officer and/or shareholder and man/or manager of the Restaurant. Nguyan exercises significant control of the Restaurant's day to day operations.

7. Restaurant and Nguyan are "employers" of Plaintiffs under the FLSA and NYLL.

8. All Defendants are hereinafter collectively referred to as "Defendants."

9. Plaintiff Phuong Truong was and still is employed by Defendants as a server within the relevant limitations periods.

10. Plaintiff Thuon Lieu was and still is employed by Defendants as a server within the relevant limitations periods.

11. Plaintiff Lac Thahn was and still is employed by Defendants as a server within the relevant limitations periods.

12. Plaintiff Han Boi Dang was and still is employed by Defendants as a server within the relevant limitations periods.

13. This action arises out of Defendants' wrongful, illegal and tortious conduct within the County, City and State of New York.

**FLSA ACTION ALLEGATIONS**

14. Plaintiffs bring the First Count for pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of Plaintiffs who are non-exempt persons employed by Defendants at

the Restaurant in tipped positions on or after the date that is three years before the filing of the Complaint.

15. At all times relevant herein, Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, for overtime and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same.

## NEW YORK STATE LAW ALLEGATIONS

16. Plaintiffs bring the state law claims, as they tipped employees that Defendants employed at the Restaurant in hourly positions on or after the date that is six years before the filing of the Complaint.

17. Plaintiffs are non-exempt tipped employees. The number, identity, hours assigned and worked, the positions held, and the rates of pay of the Plaintiffs are readily ascertainable through Defendants' records.

## FACTS

18. Defendants committed the following alleged acts knowingly, intentionally and willfully.

    a. Defendants knew that they were violating federal and state laws and economically injuring the Plaintiffs by failing to pay minimum wage and/or failure to pay for all hours worked and illegally retaining Plaintiffs' tips.

    b.  Defendants unlawfully paid the Plaintiffs, an hourly rate below the federal and state minimum wage for hours worked.

    c.  Defendants required Plaintiffs work 12 hours per day 6 days a week and failed and refused to pay overtime wages to the Plaintiffs.

    d.  Defendants were not entitled to a reduced the minimum wage by applying the tip credit allowance that is available in cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants retained portions of Plaintiffs' tips and misappropriated them to non-service employees.

    e.  Defendants paid Plaintiffs in cash and/or failed to provide Plaintiffs at the time of their hiring or at any time when there were changes in their rates of pay with the wage notices containing the rates of pay and the basis thereof; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; their regular pay day as designated by the employer in accordance with NYLL ("NYLL") §191; the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business and mailing address if different, the telephone number of the employer and anything otherwise required by law, in violation of NYLL §195(1).

    f.  Throughout each of Plaintiffs' employment with the Defendants, Defendants failed to provide a wage statement at the end of every pay period accurately listing, inter alia, credits and allowances, if any, claimed as part of the minimum wage in violation of the §NYLL 195(3) and the New York State Department of Labor Regulations.

### AS AND FOR A FIRST COUNT
*(FLSA Claims, 29 U.S.C. §§ 201, et seq.,*
*Violation of Minimum Wage & Unpaid Hours)*

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "18" inclusive with the same force and effect as if fully set forth at length herein.

20. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §203.

21. At all relevant times, Defendants have employed, "employees," including Plaintiffs.

22. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the full federal minimum wage for each hour worked.

23. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND COUNT
*(New York State Minimum Wage Act, NYLL §§650*
*et seq. Violation of Minimum Wage & Unpaid Hours)*

24. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "23" inclusive with the same force and effect as if fully set forth at length herein.

25. Defendants knowingly paid Plaintiffs less than the New York minimum wage set forth in NYLL §652 and supporting regulations of the New York State Department of Labor.

26. Defendants did not pay Plaintiffs minimum wage for all hours worked.

27. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of NYLL §663.

28. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by NYLL §663.

### AS AND FOR A THIRD COUNT
*(Illegal Deductions from Gratuities, NYLL §§ 193, 196-d and 198-b)*

29. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "28" inclusive with the same force and effect as if fully set forth at length herein.

30. Defendants retained and continue to retain portions of Plaintiffs' tips.

31. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by NYLL § 663.

## AS AND FOR A FOURTH COUNT
*(Failure to Provide Wage Statements Upon Hiring and upon Rate Change NYLL §§ 191 et. Seq.)*

32. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "31" inclusive with the same force and effect as if fully set forth at length herein.

33. Defendants failed to provide the required wage notices as more fully set forth herein.

34. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of liquidated damages of $50 per work day that the violation occurred up to a maximum of $5,000 reasonable attorneys' fees, and costs and disbursements of this action pursuant to NYLL 198(1-b).

## AS AND FOR A FIFTH COUNT
*(Failure to Provide Wage Statements Each Pay Period NYLL §§ 195 (3))*

35. Plaintiffs repeat and reallege each and every allegation contained in paragraphs of the Complaint numbered "1" through "34" inclusive with the same force and effect as if fully set forth at length herein.

36. Defendants failed to provide the required wage notices as more fully set forth herein.

37. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award an award of liquidated damages of $250 per work day that the violation occurred up to a maximum of $5,000 reasonable attorneys' fees, and costs and disbursements of this action pursuant to NYLL 198(1-d).

7

**WHEREFORE,** Plaintiffs demand the following relief:

a) An award of damages, according to proof, including liquidated damages;

b) Penalties available under applicable statutes and laws;

c) Costs of the action incurred herein, including expert fees;

d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL §663;

e) Pre-Judgment and post-judgment interest, as provided by law; and

f) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

                    THE DWECK LAW FIRM, LLP

                    */S/ H.P.Sean Dweck*

                    By: H.P. Sean Dweck (HPSD-4187)
                    *Attorneys for Plaintiffs*
                    10 Rockefeller Plaza
                    New York, New York 10020
                    (212) 687-8200
                    hpsdweck@dwecklaw.com

## JURY DEMAND

Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
August 8, 2019

        THE DWECK LAW FIRM, LLP

        */S/ H.P.Sean Dweck*

        By: H.P. Sean Dweck (HPSD-4187)
        *Attorneys for Plaintiffs*
        10 Rockefeller Plaza
        New York, New York 10020
        (212) 687-8200
        hpsdweck@dwecklaw.com