JACK S. DWECK*
H.P. SEAN DWECK**

CHRISTOPHER S. FRASER***

ERIC J. SCHMERTZ
1925-2010

* ADMITTED TO N.Y. CONN. AND FLA. BARS
** ADMITTED TO N.Y. AND PA. BARS
*** ADMITTED TO N.Y. AND N.J. BARS

# THE DWECK LAW FIRM, LLP
### 10 ROCKEFELLER PLAZA
### NEW YORK, N.Y. 10020

TELEPHONE: (212) 687-8200

FACSIMILE: (212) 697-2521

WWW.DWECKLAW.COM

WESTCHESTER OFFICE
901 NORTH BROADWAY
NORTH WHITE PLAINS, N.Y. 10603

NOT FOR SERVICE OF PAPERS

CONNECTICUT OFFICE
GRAVEL ISLAND ROAD
NEW CANAAN, CT 06840

(203) 972-3000

NOT FOR SERVICE OF PAPERS

December 26, 2019

*Via Email: Netburn_NYSDChambers@nysd.uscourts.gov and ECF*

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Centre Street
New York, NY 10007

Re: <u>Truong v. Pho Thanh Hoai 1 et. ano. 19 cv. 07399 (JMF)</u>

Dear Magistrate Judge Netburn:

This undersigned attorneys represent the Plaintiffs in the above referenced action and submit this letter seeking approval of the attached Settlement and General Release Agreement.

Your Honor conducted a settlement conference in this matter on December 11, 2019. Counsel and all parties appeared. The conference resulted in an agreed upon settlement of the claims in the total amount of $150,000.00 payable in 3 installments.

Subsequent thereto the undersigned on behalf of the Plaintiffs and counsel for the Defendants negotiated multiple drafts of the terms of the settlement which resulted in an agreement to all terms of the settlement. The attached Settlement and General Release Agreement has been executed by all parties. We now seek Court approval of the same.

## Background of the Lawsuit, the Claims and Damages

The four Plaintiffs in this case are former servers at Thanh Hoai 1, a Vietnamese restaurant in lower Manhattan (the "Restaurant"). Three of the Plaintiffs worked at the Restaurant for three years and the other for 14 months. They each worked 12 hours a day 6 days a week with no breaks, no overtime or other benefits. On average they were paid $70 per 12-hour day plus the ability to share in tips. That amounts to $5.83 per hour. That is far below the minimum wage, including the minimum wage with the tip credit applied for servers. And, the tips were not shared in accordance with the relevant statute as the owner and kitchen staff participated and therefore these wages were improperly deducted from Plaintiffs' income.

1

THE DWECK LAW FIRM, LLP

The Restaurant was owned and operated by the individual Defendant, Thanh Nguyen.

The Complaint in this matter was filed on August 8, 2019. A copy was provided to Defendants upon filing. This is in addition to the formal service upon the Defendants.

Within days of the filing the Restaurant was closed. Within a short time thereafter the Restaurant was reopened but Plaintiffs were not employed by the reopened restaurant. It is unknown whether the Restaurant ownership was transferred or not, a fact which will be explored during discovery should the matter not get resolved. Further, should the matter not get resolved and the ownership was not transferred then Plaintiffs will seek to amend the complaint to include claims for retaliation.

The Complaint contains five counts as follows:

**Count I** – FLSA failure to pay minimum wage/unpaid hours;
**Count II** - NYLL failure to pay minimum wage/unpaid hours;
**Count III** – NYLL illegal deductions from wages;
**Count IV** – NYLL failure to provide wage statements from hiring date/wage change; and
**Count V** – NYLL failure to provide wage statements each pay period.

The undersigned has calculated the damages suffered by the Plaintiffs based upon each of the claims asserted in the Complaint (but not for Retaliation).

The three Plaintiffs that worked for the last three years have suffered actual lost income each in the amount of $44,324 for the years worked (2016-2019). This was calculated by using the amount Plaintiffs were actually paid, what they should have been paid and calculating the difference. The hourly rates for each particular year were used in the calculations. This does not include 100% liquidated damages and interest at 9% as provided for under the NYLL or for the liquidated damages available under the FLSA. When the liquidated damages and interest under the NYLL are included then each of the three Plaintiffs would be entitled to a total of $70,530.89 each.

The fourth Plaintiff, who was only employed for 14 months suffered lost income of $19,428. This does not include 100% liquidated damages and interest at 9% as provided for under the NYLL. When the liquidated damages and interest are included then the fourth Plaintiff would be entitled to a total of $$40,238.88. The method of calculation for the fourth Plaintiff was the same as for the three Plaintiffs referenced above.

A recap of the damages on Counts I & II are as follows:

| | |
|---|---|
| Lac Thanh | $70,539.89; |
| Thuan Lieu | $70,539.89; |
| Han Boi Dang | $70,539.89; |
| Phuong Truong | $40,238.88. |
| Total: | **$251,831.55.** (This does not include interest beyond August 9, 2019 or attorneys' fees). |

2

## THE DWECK LAW FIRM, LLP

The damages under Counts IV & V for failure to provide wage statements is a maximum of $5,000 per person for each count and is as follows:

*Count IV*

| | |
|---|---|
| Lac Thanh | $5,000.00; |
| Thuan Lieu | $5,000.00; |
| Han Boi Dang | $5,000.00; |
| Phuong Truong | $5,000.00. |
| Total: | **$20,000.00** |

*Count IV*

| | |
|---|---|
| Lac Thanh | $5,000.00; |
| Thuan Lieu | $5,000.00; |
| Han Boi Dang | $5,000.00; |
| Phuong Truong | $5,000.00. |
| Total: | **$20,000.00** |

The total of damages from the categories above is **$291,831.55.**

Plaintiffs are also entitled to an award of attorneys' fees. That amount is to be determined.

### **The Settlement**

In view of the potential difficulties in collecting a judgment and proving the full amount of damages claimed, it is respectfully suggested that the settlement is fair and reasonable. Furthermore, inasmuch as Your Honor presided over the settlement conference and became familiar with the arguments and positions of all parties it is respectfully requested that Your Honor approve the settlement and "So Order" the attached Settlement and General Release Agreement.

Respectfully submitted,

The Dweck Law Firm, LLP

H.P. Sean Dweck

CC: counsel via email & ECF

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (the "Agreement"), dated December __, 2019, is entered into between Phuong Truong, Thuon Lieu, Lac Thanh and Han Bao Dang (the "Plaintiffs") and Pho Thanh Hoai 1 Inc. and Thanh Nguyen (the "Defendants").

WHEREAS Plaintiffs' have filed a Complaint against Defendants in the matter captioned Phuong Truong, Thuon Lieu, Lac Thanh and Han Bao Dang Plaintiff, against Pho Thanh Hoai 1 Inc. and Thanh Nguyen Case No. 19-cv-07399, which is pending in the United States District Court for the Southern District of New York (the "Litigation"); and

WHEREAS on December 11, 2019, the Plaintiffs and Defendants, and their respective attorneys participated in a settlement conference before Magistrate Judge Sarah Netburn;

WHEREAS the parties hereto have agreed to settle finally and fully all claims that were or could have been asserted against each other in the Litigation or otherwise upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1. <u>Release by Plaintiffs</u>. In consideration of the payments and benefits set forth in Section 4 below, the Plaintiffs hereby unconditionally and irrevocably release, waive, discharge, and give up any and all claims against Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, officers, directors, shareholders, employees, successors, assigns, trustees, administrators, and executors (collectively referred to as "RELEASEES") and release and forever discharge the RELEASEES and their heirs, executors, administrators, successors, trustees, assigns, subsidiaries, officers, directors, shareholders, employees, legal representatives, and agents of each of them from all actions, causes of action, and suits that against the RELEASEES that the Plaintiffs, or any of the Plaintiffs' heirs, executors, administrators, agents, successors, and/or assigns, may now have or hereinafter can, shall, or may have, for unpaid wages, minimum wage, overtime pay, expenses, salaries, benefits, commissions, bonuses, or any other work-related compensation from the beginning of the world to the Effective Date (as defined below) including those claims pertaining to severance pay or termination pay and those arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the New York Labor Law, any New York wage-hour and wage-payment laws, and/or any other federal, state, or local wage-hour, wage-payment, or labor laws. No Plaintiff shall be deemed to be in breach of any provision of this Agreement, including without limitation any of the terms of Sections 1, 3, and 7, by any of the Plaintiffs: (i) filing, providing information to or participating in, or testifying as part of any investigation, hearing, or proceeding conducted, and compelled, by a governmental agency; (ii) filing or recovering under a Workers' Compensation claim; or (iii) enforcing the terms of this Agreement against the Defendants. Aside from the foregoing there shall be no further exceptions or exclusions to this Release

2. <u>Release by Defendants</u>. Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, officers, agents, directors,

Page 1 of ~~7~~ 8

shareholders, employees, successors, heirs, assigns, trustees, administrators, and executors hereby covenant not to sue and fully release, acquit, and discharge the Plaintiffs and their heirs, executors, administrators, assigns, and successors with respect to and from any and all claims, agreements, contracts, actions, suits, causes of action, attorneys' fees, damages, and liabilities, of whatever kind or nature, in law, equity, or otherwise, whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which the Defendants have at any time heretofore owned or held against any of the Plaintiffs including, without limitation, those arising out of or in any way connected with the respective Plaintiffs' employment relationship with Defendants or their respective separation of employment from Defendants. Excluded specifically and exclusively from this release is Defendants' right to enforce any of the provisions of this Agreement.

3. Representations; Covenant Not to Sue.

(A) The Plaintiffs hereby represent and warrant to Defendants that they have not filed: (i) with the exception of the Litigation filed, or caused or permitted to be filed, any pending proceeding against the Defendants, nor has any Plaintiff agreed to do any of the foregoing: (ii) assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute, or otherwise dispose of, or convey to any third party, any right or Claim against the Defendants that has been released in this Agreement; or (iii) directly or indirectly assisted, nor shall they hereafter assist, any third party in filing, causing, or assisting to be filed any Claim against Defendants.

(B) Defendants hereby represent and warrant to the Plaintiffs that they have not caused or permitted to be filed any pending proceeding against any Plaintiff, nor have Defendants agreed to do any of the following: (i) assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute, or otherwise dispose of, or convey to any third party, any right or claim against any Plaintiff; or (ii) directly or indirectly assist any third party in filing, causing, or assisting to be filed any Claim against any Plaintiff.

4. Payments and Benefits.

(A) As good consideration for each Plaintiff's execution and delivery of this Agreement, Defendants agree to provide the Plaintiffs with a payment in the aggregate amount of One-Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00), payable as described below, which shall be delivered to The Dweck Law Firm, LLP, Attention: H.P. Sean Dweck, Esq., 10 Rockefeller Plaza, Suite 1015, New York, New York 10020:

(a) The $150,000.00 Settlement Amount, which shall be issued in three separate installments, shall be distributed as follows:

   i. On or before January 15, the Defendants shall issue five (5) separate checks as follows:

      a. One check shall be made payable to "The Dweck Law Firm, LLP" in the amount of $16,800.00, representing attorneys' fees and costs.

      b. One check shall be made payable to "Phuong Truong" in the gross amount of $4,742.87;

      c. One check shall be made payable to "Thuon Lieu" in the gross amount of $9,514.28;

      d. One check shall be made payable to "Lac Thanh" in the gross amount of $9,514.28;

      e. One check shall be made payable to "Han Bao Dang" in the gross amount of $9,485.71;

  ii. The additional two (2) installment payments shall be made on April 15th 2020 and August 15, 2020 respectively, to be distributed as follows:

      a. One check shall be made payable to "The Dweck Law Firm, LLP" in the amount of $16,800.00, representing attorneys' fees and costs.

      b. One check shall be made payable to "Phuong Truong" in the gross amount of $4,742.87;

      c. One check shall be made payable to "Thuon Lieu" in the gross amount of $9,514.28;

      d. One check shall be made payable to "Lac Thanh" in the gross amount of$9,514.28;

      e. One check shall be made payable to "Han Bao Dang" in the gross amount of $9,485.71;

(B) Should Defendants fail to deliver any of the above payments according to the schedule set out above, Plaintiffs' attorneys shall notify Defendants' attorneys, via email to soongliu.esqs@gmail.com following Defendants' failure to make said payment. Defendants will then be afforded seven (7) days following the date Plaintiffs' attorneys provided notice to cure their breach by delivering to Plaintiffs' attorneys at the address listed above via overnight delivery any amounts due and owing to Plaintiffs. If Defendants timely cure their breach, no other dates in the above schedule shall become altered or in any way affected. If Defendants fail to timely cure their breach, two hundred percent (200%) of the entire unpaid balance of the payments ($150,000.00 less any payments made under this Agreement) will then become due and owing, and Plaintiffs may apply to the Court, which will retain jurisdiction over the Action to enforce the terms of this Agreement, to enter judgment for that amount, plus $10,000.00 attorneys' fees associated with seeking judgment for Defendants' breach.

(C) The Plaintiffs acknowledge and agree that the payments and benefits in this Section 4 are in full and final settlement and satisfaction of the claims asserted, or that could have been asserted, in the Litigation, including attorney's fees, and of Defendants' obligations under any compensation, deferred compensation, or similar agreements or arrangements, and all amounts otherwise due, if any, on account of the respective Plaintiff's employment by any of the

Defendants. The Plaintiffs acknowledge that nothing in this Agreement shall be deemed to be an admission of liability on the part of Defendants.

(D) No representation regarding the tax implications of this Agreement or the manner in which this Agreement may be treated by the Internal Revenue Service is made by any Defendant, nor should any such representation be implied by any language within this Agreement. The Plaintiffs agree and understand that neither Defendants nor their attorneys have made any representations regarding the tax treatment of the sums paid pursuant to this Agreement, and the Plaintiffs agree that each is responsible for determining the tax consequences of such payments and for paying taxes, if any, that may be owed by himself/herself with respect to such payments.

5. Dismissal of the Litigation.

(A) Should the Court approve the settlement, the Litigation shall be dismissed with prejudice and without costs or attorneys' fees. The Plaintiffs shall direct their counsel to sign and return to counsel for Defendants (The Dweck Law Firm, LLP 10 Rockefeller Plaza Suite 1015, New York, NY 10020) a Stipulation of Dismissal With Prejudice of the Litigation within seven (7) days of the Effective Date, and counsel for Defendants shall file the same with the Court.

(C) Should the Court not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on December 10, 2019.

6. Who is Bound. Defendants and each Plaintiff are bound by this Agreement. Anyone who succeeds to any of Plaintiffs' rights and responsibilities, such as a Plaintiffs' heirs and the executors and administrators of any estate of a Plaintiff, is bound by this Agreement, and anyone who succeeds to the Defendants' rights and responsibilities, such as their successors and assigns, is similarly bound.

7. Non-disparagement.

(A) The Plaintiffs agree that at all times following the Effective Date defined at Section 18(B) below they shall not publish or communicate to any person any Disparaging remarks, comments, or statements concerning Defendants and shall not request, instruct, or direct that others do so. No Plaintiff shall be deemed to be in breach of this provision, however, by providing truthful testimony to the Equal Employment Opportunity Commission or any governmental agency. For purposes of this Agreement the term "Disparaging" shall mean remarks, comments, statements, or communications (written or oral) that are not true and: (i) that reflect adversely on the affairs or practices of the Person or entity being remarked or commented upon; or (ii) that impugn the character, honesty, integrity, morality, acumen, or abilities of the Person or entity being remarked or commented upon. The Plaintiffs' shall not have any communication with Defendant Thanh Nguyen or his family members by telephone, text, via any social media or other electronic platform, in person or otherwise.

(B) Defendants agree that at all times following the Effective Date defined at Section 18(B) below, Thanh Nguyan shall not publish or communicate to any person any Disparaging remarks, comments, or statements concerning the Plaintiffs and shall not instruct or direct others to do so. Further, Defendants shall not have any communication with any of the Plaintiffs, or family members of Plaintiffs by telephone, text, via any social media or other electronic platform, in person or otherwise.

8. Death Clause. If a Plaintiff shall die between the date of this Agreement and the delivery of the settlement proceeds as described in Section 4 hereinabove, the payments described in Sections 4 shall not cease and the Defendants shall deliver those payments to his attorneys who shall distribute the payments to the Plaintiff's estate and who shall thereafter hold Defendants for doing so.

9. Severability. If any term, provision, covenant, or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county, or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void, or unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants, and restrictions in this Agreement shall remain in full force and effect.

10. Governing Law. This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts-of-law principles. The Parties consent to this Court retaining jurisdiction of this matter until the settlement proceeds are paid in full.

11. Headings. The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

12. Counterparts. This Agreement may be executed and delivered with facsimile or scanned and emailed signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. No Other Assurances. The Plaintiffs acknowledge that in deciding to sign this Agreement no Plaintiff has relied on any promises or commitments, whether spoken or in writing, made to each of them by any Person except for what is expressly stated in this Agreement. This Agreement constitutes the entire understanding and agreement between the Plaintiffs and Defendants, and this Agreement supersedes, replaces, and cancels all previous agreements and commitments, whether spoken or written, in connection with the matters described herein.

14. No Retaliation. Defendants agree not to engage in any activities against any Plaintiff that are in retaliation for participation in the lawsuit to the extent required by the FLSA and/or NYLL.

15. Entire Agreement; Modification. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any and all prior

agreements or understandings (whether written or oral) of the parties relating to any Plaintiffs' employment or the cessation thereof.

16. <u>Opportunity for Review</u>. Each Plaintiff represents and warrants that he/she: (i) has read this Agreement; (ii) understands all the terms and conditions thereof; (iii) is not incompetent or had a guardian, conservator, or trustee appointed for himself; (iv) has entered into this Agreement of his own free will and volition; (v) has duly executed and delivered this Agreement; (vi) understands that he is responsible for his/her own attorneys' fees and costs; (vii) has had the opportunity to review this Agreement with counsel of the Plaintiffs; (viii) has been given a reasonable period of time to review this Agreement before signing it; and (ix) understands that this Agreement is valid, binding, and enforceable against the parties hereto in accordance with its terms.

17. <u>Shifting Counsel Fees</u>. In any dispute concerning an alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including any reasonable fees incurred in making such application for attorneys' fees.

18. <u>Effective Date</u>. The "Effective Date" is the date upon which the Court issues its order or opinion approving this settlement.

19. <u>Reference</u>. If a Plaintiff seeks employment and if a potential employer of a Plaintiff seeks a reference from any Defendant, Defendants' response will be limited to that Plaintiff's dates of employment and job title and informing the inquiring party that it is the policy of Defendant to provide neutral references only.

20. <u>Signatories' Representations</u>. The persons affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

21. <u>Non-admission</u>.

(A) The Plaintiffs understand that Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. The Plaintiffs understand that by entering into this Agreement Defendants do not acknowledge or admit in any way that the Plaintiffs' claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against any Plaintiff or violated any federal, state, or local law, statute, order, ordinance, rule, regulation, or contract, or common law requirement, duty, or obligation.

(B) Whether or not this Agreement becomes effective, neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by the Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that a Plaintiff has suffered any damage. Additionally, the Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

connection therewith, shall in any event be construed as, or be deemed to be, or be offered by the Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that a Plaintiff has suffered any damage. Additionally, the Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

Agreed to and accepted on this 25th day of December 2019

_____
Phuong Truong

Agreed to and accepted on this 25th day of December 2019

_____
Thuon Lieu

Agreed to and accepted on this 25th day of December 2019

_____
Lac Thanh

Agreed to and accepted on this 25th day of December 2019

_____
Han Bao Dang

Agreed to and accepted on this 25th day of December 2018

Pho Thanh Hoai 1 Inc.

By:_____
Name:
Title:

Agreed to and accepted on this ____ day of December 2018

_____
Thanh Nguyan

6

Agreed to and accepted on this 24th day of December, 2019

Pho Thanh Hoai 1 Inc.

By: _____
Name: Thanh Nguyen
Title:

Agreed to and accepted on this 24th day of December 2018 2019

_____
Thanh Nguyen

**SO ORDERED and APPROVED:**

_____
**Hon. Sarah Netburn, United States Magistrate Judge**